NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3151

CAROL V. JENKINS,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Carol V. Jenkins, of Mesquite, Texas, pro se.

Brian T. Edmunds, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Kathryn A. Bleecker, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3151

CAROL V. JENKINS,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

_____

DECIDED:  July 16, 2007

_____

Before MAYER and LINN, <u>Circuit Judges</u>, and ROBERTSON, <u>District Judge</u>.<sup>*</sup>

PER CURIAM.

Carol V. Jenkins ("Jenkins") appeals from a final decision by the Merit Systems Protection Board ("Board").  <u>Jenkins v. Treasury</u>, 2007 MSPB 4, No. DA-0752-05-0485-I-1 (M.S.P.B. Jan. 10, 2007) ("<u>Final Decision</u>").  The Board denied her petition for review of an initial decision that sustained her removal from the Internal Revenue Service ("IRS"), <u>Jenkins v. Treasury</u>, No. DA-0752-05-0483-I-1 (M.S.P.B. Dec. 30, 2005) ("<u>Initial Decision</u>"), and granted the Department of the Treasury's cross-petition, which sought a reversal of the administrative judge's ("AJ's") decision not to sustain one of the two charges against her.  Because substantial evidence supports the Board's findings that

---

\*  Hon. James Robertson, District Judge, United States District Court for the District of Columbia, sitting by designation.

Jenkins willfully claimed an Earned Income Credit ("EIC") to which she was not entitled and that she failed to properly and timely file her complete 2002 federal income tax return, and because the Board's decision is not otherwise arbitrary, capricious, an abuse of discretion, or not in accordance with law, we affirm. See 5 U.S.C. § 7703(c).

In her informal brief before this court, Jenkins asserts that the Board erred by finding that her improper claim for EIC was willful. She argues that her claim for EIC was simply mistaken; she alleges that she used an income figure from only one of her two W-2 forms and believed she was entitled to the EIC. It is not clear from the record that Jenkins made this argument to the AJ. If she did not, it is waived. Bosley v. MSPB, 162 F.3d 665, 668 (Fed. Cir. 1998). To the extent Jenkins may have presented this argument to the AJ, substantial evidence supports the AJ's conclusion that it was "inherently improbable that [Jenkins] believed she was entitled to the EIC." Initial Decision, slip op. at 9. Indeed, the AJ explicitly noted that not only was Jenkins very familiar with the tax code, but her testimony was also "evasive and inconsistent." Based on these facts, a finding of willfulness was clearly proper.

Jenkins also asserts that she filed her tax return on time and provided the Board with proof of the timely filing. However, the AJ credited Jenkins's assertions that she mailed her return on April 15, 2003. Id., slip op. at 6. Thus, the timeliness of what Jenkins filed is not at issue. The question, rather, is whether the return Jenkins submitted on that date was complete. The IRS returned Jenkins's 2002 tax return in late April or early May 2003 with a notice that she had failed to include a Schedule EIC, and the AJ correctly observed that there was no evidence that Jenkins's original return contained such a schedule. See id., slip op. at 7. Accordingly, the AJ's conclusion that

Jenkins did not timely file a <u>complete</u> 2002 tax return is supported by substantial evidence.

Jenkins's remaining factual arguments—that she did not owe tax on her 2002 return and that her returns for later years were correct—are irrelevant.

In sum, the Board's factual findings are all supported by substantial evidence and Jenkins presents no reasons for concluding otherwise. We discern no error in the Board's application of the law, including <u>Douglas v. Veterans Administration</u>, 5 M.S.P.R. 280 (1981), and <u>LaChance v. MSPB</u>, 147 F.3d 367 (Fed. Cir. 1998). Accordingly, we affirm the final decision of the Board.

## COSTS

No costs.