# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BRYAN PIPES,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DE-0752-16-0111-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>　　　　　　Agency. | DATE: December 9, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Marshall Heath, Junction City, Kansas, for the appellant.

Eric L. Carter, Esquire, Fort Riley, Kansas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was employed as an industrial equipment mechanic. Initial Appeal File (IAF), Tab 13 at 27. The agency proposed his removal based upon one charge of failure to follow instructions supported by three specifications and one charge of absence without leave (AWOL) supported by five specifications. IAF, Tab 15 at 6-9. The appellant replied to the proposal. IAF, Tab 13 at 38-39. The agency sustained the charges and imposed the removal. *Id*. at 34-37.

The appellant filed the instant appeal challenging his removal, and he and requested a hearing. IAF, Tab 1. The administrative judge determined that the appellant was asserting the following affirmative defenses: (1) harmful procedural error; (2) violations of the collective bargaining agreement (CBA); (3) violations of certain provisions of title 5; and (4) a violation of his due process rights in the form of ex parte communications. IAF, Tab 19. After holding the requested hearing, the administrative judge issued an initial decision sustaining the removal. IAF, Tab 28, Initial Decision (ID).

The appellant has filed a petition for review, the agency has responded, and the appellant has replied. Petition for Review (PFR) File, Tabs 1, 4-5.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶5      The appellant asserts that the administrative judge erred in sustaining his removal because the failure to follow instructions charge was in conflict with the CBA and the charges were required to be consistent with the CBA.[2]  PFR File, Tab 1 at 2-3.  He also asserts that the agency violated certain statutory provisions of title 5.  *Id*. at 2.

¶6      The administrative judge characterized these arguments as a claim of harmful procedural error and found that the appellant failed to prove this affirmative defense.  ID at 7-12.  Specifically, he found that the appellant failed to cite to any requirement that disciplinary documents must cite the CBA or any other requirement that supersedes the other requirements that the agency applied in removing him.  ID at 9.  Additionally, he found that the removal action did not violate the CBA because, although the CBA states that sick leave will not be denied based solely on a failure to follow procedures, it also states that failure to provide the medical documentation as required may result in the absence being charged as AWOL.  ID at 11; IAF, Tab 20 at 8.  The administrative judge also found and, based upon our review of the record and the testimony of the proposing official, we agree, that the appellant was on leave restriction and failed to provide proper medical documentation when using his sick leave.  ID at 4-7; Hearing Compact Disc; IAF, Tab 15 at 61-65.  The administrative judge also

---

[2] The appellant has not challenged the administrative judge's finding of nexus between the sustained charges and the efficiency of the service, and we find no reason to disturb it.  ID at 13.  Also, we note that the administrative judge improperly stated that the agency proved the charges as alternative charges, ID at 3-6, despite the fact that the charge of failure to follow instructions was supported by three specifications from different dates than the dates supporting the specifications of the AWOL charge, *cf. Jenkins v. Department of the Treasury*, 104 M.S.P.R. 345, ¶¶ 5-6 (discussing an alternative charge in the Board's finding that the agency was not required to prove willfulness because the proposing official also stated that she was charging the appellant "in the alternative" even if she had not acted willfully), *aff'd*, 244 F. App'x 349 (Fed. Cir. 2007).  Any error in this respect is harmless and does not provide a basis for disturbing the initial decision.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997).

found that the appellant did not establish that the agency violated 5 U.S.C. § 7103(a)(10) and (11), or 5 U.S.C. § 7116(a)(1), (7), and (8) because these provisions were inapplicable.[3]  ID at 8.  Accordingly, we find that the aforementioned arguments fail to provide a basis for disturbing the initial decision.

¶7        The appellant additionally asserts that, as a bargaining unit employee, charges that are brought under the CBA must be resolved through the grievance process.  PFR File Tab 1 at 2-3.  To the extent that the appellant is attempting to challenge his election of a Board appeal, the agency provided him with a document entitled "redress rights" with the removal decision.  IAF, Tab 13 at 29−33.  That document informed him of his right to file, among other things, a Board appeal or a grievance, but not both.  *Id*.  The appellant timely filed the instant Board appeal, IAF, Tab 1, thus waiving his right to file a grievance, *see Johnson v. Department of Veterans Affairs*, 121 M.S.P.R. 695, ¶ 5 (2014), *aff'd*, 611 F. App'x 496 (10th Cir. 2015).  Accordingly, he elected to file a Board appeal and is therefore incorrect that his removal should have been resolved through the grievance process.

¶8        Next, the appellant argues that the Board should not sustain his removal because he had a successful performance rating.  PFR File, Tab 1 at 3.  The administrative judge found, and we agree that, in chapter 75 actions such as this one, the Board considers an employee's performance in its analysis of the *Douglas*[4] factors to determine the appropriate penalty and not in determining

---

[3] As the administrative judge stated, section 7103(a)(10) and (11) of title 5 provide definitions for "supervisor" and "management official."  ID at 8.  The administrative judge also properly stated that 5 U.S.C. § 7116(a)(1) prohibits interference with rights under the chapter, 5 U.S.C. § 7116(a)(7) prohibits actions in conflict with the CBA, and 5 U.S.C. § 7116(a)(8) requires the agency to "otherwise" comply with the chapter.  ID at 8.

[4] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions.

whether to sustain the charges.  ID at 12.  To the extent that the appellant is attempting to challenge the reasonableness of the penalty, we agree with the administrative judge's decision to defer to the agency's penalty determination.[5] ID at 13-15; *see McNab v. Department of the Army*, 121 M.S.P.R. 661, ¶¶ 11-15 (2014) (stating that, where all of the agency's charges are sustained, the agency's penalty determination is entitled to deference and should be reviewed only to determine whether it is within the parameters of reasonableness and sustaining the appellant's removal for failure to follow leave restriction letter procedures and AWOL).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

---

[5] To the extent that the appellant has cited the Board's December 1, 2009 study, "Fair and Equitable Treatment: Progress Made and Challenges Remaining," we find that this does not provide a basis for disturbing the initial decision.  PFR File, Tab 1 at 2-3.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:          _____
                        Jennifer Everling
                        Acting Clerk of the Board

Washington, D.C.